FILED
 2005 Dec-06 AM 10:08
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RONALD DARDEN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 5:99-cv-01535-VEH-TMP |
| ) | |
| RALPH HOOKS, RAY HUEY, PATRICK ) | |
| ROBINSON, ALMA GILBREATH, ) | |
| SGT. ROY DUNAWAY, MR. McDONALD, ) | |
| MS. TYNER, OFFICER NICHOLS, ) | |
| OFFICER LEE COOK, OFFICER JACKSON, ) | |
| and OFFICER WASHINGTON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Ronald Darden, Sr., hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at Limestone Correctional Facility in Harvest, Alabama. Plaintiff seeks monetary damages and injunctive relief against defendants Warden Ralph Hooks, Captain Ray Huey, Lieutenant Patrick Robinson, and Correctional Officer Alma Gilbreath.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. While the former 28 U.S.C. § 1915(d) permitted the court to dismiss claims *sua sponte* only if the court found them frivolous or

malicious, the new § 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service. In order to protect a *pro se* prisoner's right of access to the courts, however, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). The court must assume as true the factual allegations of the complaint, and draw all reasonable inferences in favor of the plaintiff. The complaint can be dismissed only if there is no set of facts consistent with the allegations of the complaint that would entitle the plaintiff to relief.

Allegations of the Complaint

As the basis for the relief he seeks, plaintiff claims that on June 4, 1999, another inmate, Theo Abner, gave him an envelope addressed to plaintiff. It was a letter from plaintiff's mother, Mrs. Mattie Darden. Abner told him that plaintiff's mail was inside of his mail, and that there was only an envelope, no letter. Plaintiff asked inmate Abner where he had gotten plaintiff's mail, and Abner stated that another inmate, Carl Hood, had gotten it for him while Abner took a shower. Plaintiff then went to inmate Hood and asked him where he had gotten his mail, but Hood replied that he only had inmate Abner's mail, not plaintiff's mail. Hood explained that defendant Gilbreath had given him Abner's mail. Plaintiff states that he then went to defendant Gilbreath and asked what had happened to his letter and the stamps and money that he had asked his family to send him. Gilbreath replied that she did not knowingly give anyone plaintiff's mail. Plaintiff told defendant Gilbreath that inmate Abner had told inmate Hood to get his mail for him and that plaintiff's envelope was inside of inmate Abner's mail. Gilbreath stated that she did give inmate Hood inmate

2

Abner's mail, and that plaintiff's mail must have gotten inside of inmate Abner's mail by mistake. Gilbreath stated that she did not remember even seeing plaintiff's mail at all. She advised plaintiff to call home and see if his mother had written him a letter or had sent him any stamps or money. Plaintiff noted, however, that, according to the stamp on the envelope, $50.00 was posted to his prison account, apparently delivered in the mail, but there was no letter or stamps inside the envelope. Gilbreath replied that the letter and stamps probably fell out in the prison post office because post office personnel do not staple envelopes closed once they have been opened.

Furthermore, plaintiff claims that on June 8, 1999, he saw another inmate, Michael Hunter, sorting inmate mail placed in a post office mail container by the prison's postal clerk. The mail had been sent from the free world to inmates in 16 Dorm. Plaintiff claims that defendant Gilbreath was in the cubicle office with inmate Hunter at the time. He questioned defendant Gilbreath about inmate Hunter sorting inmate mail, and she stated that inmate Hunter was defendant Robinson's runner, and that he was sorting the mail at her direction. Plaintiff contends that no inmate has the right nor authority to go through another inmate's mail, and that to allow an inmate to handle another inmate's mail from outside the prison is a violation of the First Amendment and the Fourteenth Amendment.

<u>Allegations of Supplemental Complaint</u>

In addition to the allegations set forth in the original complaint, plaintiff filed a motion for leave to file a supplemental complaint on April 27, 2001, which was granted on April 1, 2002. Although the supplemental complaint exceeds twenty pages, the court reads it as asserting three additional claims involving plaintiff's mail. First, he alleges that a free-world friend mailed him a

gift in December 1999, consisting of a book and an ornament bearing the words, "Jesus is the Reason for the Season." Plaintiff never received the gift, but in February 2000, while making a complaint to Sgt. Patrick Robinson in the administrative offices of the prison, saw an ornament matching the description of that mailed to him hanging on the wall outside the office of Sgt. Roy Dunaway. He contends that Sgt. Dunaway stole the ornament from his mail, and that Lt. Robinson is covering up the theft.

Second, the supplemental complaint alleges that, on February 21, 2001, plaintiff went to the institutional mail room to mail two pieces of correspondence to this court. Sometime later, at least one piece of this correspondence was returned to plaintiff because it lacked adequate postage. Plaintiff contends that the postal workers in the mailroom, Mr. McDonald and the ex-Ms. Tyner, negligently failed to properly calibrate the scales used to weigh mail, causing his mail to receive inadequate postage and preventing it from being delivered to the court. Further, he complains that when the legal mail was returned to him, it was already open and Lt. Robinson told him that that is how it came from the mailroom.

Third, plaintiff contends that mail is improperly handled by corrections officers not assigned to the duty of handling and distributing inmate mail. He contends that corrections officers Nichols, Cook, Jackson, and Washington improperly handle mail by having it delivered to the dorm rover for distribution to inmates during pill call, exercise time, and other occasions. He argues that this procedure not only violates Alabama Department of Corrections regulations concerning mail handling, but also provides these officers with the "opportunity" to remove, read, and censor his mail before it is delivered to him.

Discussion

The court concludes that this action is due to be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). First, insofar as plaintiff has sued the defendants in their official capacities, they are entitled to eleventh Amendment immunity. As employees of the State of Alabama, they cannot be held liable in damages, in their official capacities, for their own acts or those of their employees because they enjoy Eleventh Amendment immunity. Such officers are entitled to dismissal of any claims for damages brought against them in their official capacities as state officials. The United States Supreme Court has stated:

> [T]here can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed.2d 389 (1945); *Worcester County Trust Co. v. Riley*, 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed.2d 269 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that "the State of Alabama shall never be made a defendant in any court of law or equity."

*Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). To the extent they are sued in their official capacities, the suit against the defendants is a suit against the state. There has been no consent or waiver in this action; thus, the defendants, in their official capacities, are absolutely immune from damages liability in this action.

Although plaintiff names as defendants Warden Ralph Hooks and Captain Ray Huey, he does not allege that they took part in any of the events that he asserts amounted to constitutional violations. Plaintiff simply attempts to implicate Warden Hooks and Captain Huey through the

concept of *respondeat superior*. However, *respondeat superior* is not available to a plaintiff under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Absent some allegation that Warden Hooks and Captain Huey knew of, sanctioned, participated in, or were otherwise "affirmatively linked" to the acts here complained of, the complaint is insufficient to state a cause of action under 42 U.S.C. § 1983 against Warden Hooks and Captain Huey. *See Gilmere v. City of Atlanta*, 774 F.2d 1495 (11th Cir. 1985) *cert. denied*, 476 U.S. 1115, 106 S. Ct. 1970, 90 L. Ed. 2d 654 (1986). Thus, this action is due to be dismissed with respect to defendants Warden Hooks and Captain Huey in their individual capacities as well.

With respect to defendant Gilbreath, plaintiff may be attempting to allege two claims: first, that she was responsible for losing the contents of the mail envelope received by plaintiff on June 4, 1999; and second, that she allowed inmate Michael Hunter to handle and sort mail addressed to other inmates in 16 Dorm on June 8, 1999. On the first of these claims, it is unclear whether plaintiff alleges that Gilbreath negligently lost or intentionally removed the contents of the mail. If the former, mere negligence does not rise to the level of a constitutional violation supporting a remedy under § 1983. See Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986). On the other hand, if he intends to allege that she deliberately removed the contents of the envelope, depriving him of property without due process of law, his remedy is to seek compensation from the Alabama Board of Adjustment. See Hudson v. Palmer, 468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); Carcamo v. Miami-Dade County, 375 F.3d 1104, 1105 (11th Cir. 2004) ("Under the Parratt-Hudson doctrine, a random and unauthorized deprivation does not violate procedural due process if the state provides an adequate post-deprivation remedy."); Tinney v. Shores, 77 F.3d 378 (11th Cir. 1996). Plaintiff has not alleged that he is without a post-deprivation remedy under state law. Indeed, if he

believes that Gilbreath intentionally removed items from his mail, he has a post-deprivation remedy at the Board of Adjustment, or in a tort suit against Gilbreath in state court. Because there is post-deprivation remedy, there is no federal constitutional claim for violation of due process of law.

Plaintiff's second claim against Officer Gilbreath is that she used inmate Hunter to sort and handle mail sent to inmates from persons outside of the prison, allegedly in violation of his First and Fourteenth Amendment rights. Plaintiff has cited no authority for this novel reading of the First Amendment, and the court has found none. There is nothing inherent in the use of inmates to assist in the tasks of sorting, handling, and distributing the mail to other inmates that raises a First Amendment concern. Plaintiff does not allege here that inmate Hunter was allowed to open or inspect the mail of other inmates[1]; he alleges only that Hunter was *sorting* it. Plaintiff has not alleged any Eighth Amendment claim that allowing inmates to handle or sort mail creates a security concern for other inmates; he expressly rests the claim on the First Amendment. Because there is no authority prohibiting the use of inmates to carry out the prison tasks of sorting, distributing, and handling inmate mail, plaintiff's claim is frivolous and due to be dismissed.

Plaintiff's claim that Sgt. Dunaway and Lt. Robinson stole a gift ornament sent to him by a friend implicates the same considerations under the Parratt-Hudson doctrine, discussed above. The taking of a gift ornament from plaintiff's mail is an unauthorized, intentional taking covered by Hudson v. Palmer, 468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). Absent a showing by plaintiff that Alabama law does not provide him with an adequate post-deprivation remedy, the federal constitutional right to due process of law is not implicated. Carcamo v. Miami-Dade County,

---

[1] The plaintiff has not alleged that *his* mail was handled or sorted by Hunter, so there may be a genuine question of standing. However, for purposes of a screening review under § 1915A, the court will assume that he has standing.

375 F.3d 1104, 1105 (11th Cir. 2004) ("Under the Parratt-Hudson doctrine, a random and unauthorized deprivation does not violate procedural due process if the state provides an adequate post-deprivation remedy."); Tinney v. Shores, 77 F.3d 378 (11th Cir. 1996). This allegation fails to state a claim for relief.

Similarly, plaintiff's allegation that the postal clerks negligently failed to calibrate the scales used to determine the amount of postage needed on his mail asserts nothing more than a mere negligence claim, which is insufficient to raise any constitutional claim. See Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986). This allegation also fails to state a claim for relief.

Finally, plaintiff's somewhat vague allegation that officers Nichols, Cook, Jackson, and Washington improperly handle inmate mail and, thereby, have the "opportunity" to remove, read, and censor his mail is frivolous. Prison administration is a difficult task, and the courts are loathe to interfere with that task, giving prison officials wide discretion in determining how to carry out their job. There is nothing in the Constitution that mandates that only certain corrections officers may handle and distribute inmate mail. There is no constitutional mandate that it must be delivered to the inmate at a particular time or place. Whether officers avail themselves improperly of an "opportunity" to remove, read, and censor inmate mail is a separate matter, which plaintiff has not alleged here. Although plaintiff complains that the way in which mail is delivered to the prison dormitory for distribution to inmates creates that "opportunity," he does not allege a single instance in which these officers have unconstitutionally read or censored *his* mail. His only claim is that the mail-handling procedures used create the risk that such might occur. Balanced against this argument, of course, is the deference the courts must give to prison authorities in determining how to carry out

their functions.  The day-to-day mechanics of distributing mail to inmates is precisely the type of function courts must defer to.  This claim will be dismissed as frivolous.

## Conclusion

Based on the foregoing considerations, the court finds that the plaintiff's claims in this action are frivolous and fail to state a claim for which relief may be granted.  Consequently, by separate order, the court will dismiss the complaint with prejudice under 28 U.S.C. § 1915A.

The Clerk is DIRECTED to mail a copy of the foregoing to the plaintiff.

DONE this 6th day of December, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge